UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BRANDON BOWIE,

    Plaintiff,

vs.

HAMILTON COUNTY JUVENILE COURT

    Defendants.

Case No. 1:18-cv-395

Barrett, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff Bowie initially originated this action in the Columbus Division of the Southern District of Ohio, and this matter was subsequently transferred to the proper division in Cincinnati. (Doc. 3). Thereafter, the undersigned issued a Report and Recommendation that the complaint be dismissed with prejudice for failure to state a claim. (Doc. 6). Plaintiff then objected to the Report and Recommendation and was allowed to proceed with an Amended Complaint. (See Doc. 10, Order Withdrawing Report and Recommendations). This civil action is before the Court on Defendant's motion to dismiss (Doc. 13) and the parties' responsive memoranda. (Docs. 17, 21). Also before the Court is Plaintiff's motion to amend. (Doc. 16). The motions will be addressed in turn.

    **I.    Background and Facts**

Plaintiff's complaint purports to bring claims under the American with Disabilities Act of 1964 ("ADA"). However, the allegations contained in the complaint complain about the results of his pending child support case and the actions of the judge and counsel. Plaintiff alleges that due to his disability it is very difficult for him to travel from Columbus

1

to Cincinnati to appear in person for hearings in Juvenile Court. (Doc.1-3). Plaintiff's complaint asks this court to rule in his favor in the child support case, declare that Defendant's actions violation the ADA and enjoin Defendant from further discriminatory contuct. Plaintiff also seeks $125,000.00 in compensatory damages.

## II. Analysis

### 1. Motion to Dismiss

Plaintiff Bowie sued the Hamilton County Juvenile Court as the single named party in his complaint. Federal Rule of Civil Procedure 17(b)(3) provides that the "law of the state where the court is located" governs whether a court or other governmental entity can sue or be sued. Thus, this Court must look to the law of the state of Ohio to determine whether the Hamilton County Juvenile Court is an entity capable of being sued. The Ohio Supreme Court has concluded that Ohio courts are not sui juris. In other words, "[a]bsent express statutory authority, a court can neither sue nor be sued in its own right." *Malone v. Court of Common Pleas of Cuyahoga County*, 45 Ohio St.2d 245, 248, 344 N.E.2d 126 (1976)(quoting *State ex rel. Cleveland Municipal Court v. Cleveland City Council,* 34 Ohio St.2d 120, 121, 296 N.E.2d 544 (1973)). Here, Plaintiff has not cited any authority, nor is this Court aware of any, contrary to the Ohio Supreme Court's conclusion in *Malone.* Therefore, the Hamilton County Juvenile Court is not a legal entity capable of being sued. Accordingly, Defendant's motion to dismiss (Doc. 13) is well-taken and should be granted.

### 2. Motion to Amend

Plaintiff seeks to amend his complaint to add additional defendants: Hamilton County, Ohio, Hamilton County Ohio Board of Commissioners, Hamilton County Judge Sylvia Hendon and Hamilton County Magistrate Catherine Kelly. Plaintiff's proposed

amendments are not well taken.

"Under Rule 15(a)(1), a party may amend the complaint once as a matter of course before being served with a responsive pleading." *Broyles v. Correctional Medical Serv., Inc.*, 2009 WL 3154241 (6th Cir.2009); *see Pertuso v. Ford Motor Credit Co.*, 233 F.3d 417, 421 (6th Cir.2000). The Sixth Circuit has described this Rule as giving plaintiffs an "absolute right to amend." *Pertuso*, 233 F.3d at 421.

However, where a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed.R.Civ.P. 15(a)(2). Although the "court should freely give leave when justice so requires," Fed.R.Civ.P. 15(a)(2), provides that leave to amend may be denied for: (1) undue delay, (2) lack of notice to the opposing party, (3) bad faith, (4) repeated failure to cure in prior amendments, (5) prejudice to the opposing party, or (6) futility of the amendments. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Perkins v. American Elec. Power Fuel Supply, Inc.*, 246 F.3d 593, 605 (6th Cir.2001). "Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss." *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir.2005). To survive a motion to dismiss, a Complaint must contain sufficient factual allegations to state a claim that is plausible. *Ashcroft v. Iqbal,* 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Here, Plaintiff's proposed amendments are futile because they fail to state a claim upon which relief may be granted by this Court

Notably, Hamilton County, Ohio is a geographic location and as such is not sui juris. *See McGuire v. Ameritech Services, Inc.*, 253 F. Supp. 988, 1015 (S.D. Ohio 2003). Similarly, the Hamilton County Board of Commissioners is not a proper defendant in this

matter. It is well-settled that county officials and entities do not have any authority unless the Ohio General Assembly affirmatively grants it. *Geauga Cty. Bd. of Commrs. v. Munn Rd. Sand & Gravel* (1993), 67 Ohio St.3d 579, 583, 621 N.E.2d 696.

Thus, any grant of authority "must be in clear and certain terms," and the presumption against authority requires the grant to be strictly construed. *Geauga Cty. Bd. of Commrs.*, 67 Ohio St.3d at 583, 621 N.E.2d 696. Thus, in the absence of a specific statutory grant of authority, a board of county commissioners is powerless to take any action. O.R.C. Chapter 2151 makes it very clear that the county commissioners have no operational control of a county juvenile court other than the supply of a facility and setting of a budget pursuant to O.R.C. 2151.09 and R.C. 2151.10. Absent any statutory authority, the Hamilton County Board of Commissioners has no role or authority to determine policies and procedures of the Juvenile Court or the Judges and Magistrates presiding over said Court. Accordingly, any such claims asserted by Plaintiff would be futile.

Last, Judge Hendon and Magistrate Kelly are absolutely immune from lawsuits involving money damages. See *Mireles v. Waco*, 502 U.S. 9, 9–10 (1991)(per curiam); *Mann v. Conlin*, 22 F.3d 100, 103 (6th Cir.1994) ("A judge performing his judicial functions is absolutely immune from suit seeking money damages."). Additionally, to the extent Plaintiff is seeking declaratory and/or injunctive relief, such claims are also barred by the doctrine outlined in *Younger v. Harris*, 401 U.S. 37 (1971). Absent extraordinary circumstances not present here, federal courts should not interfere with pending state proceedings in order to entertain constitutional challenges to the state proceedings. *Younger v. Harris*, 401 U.S. 37 (1971). Under the *Younger* doctrine, the federal court must abstain where "(1) state proceedings are pending; (2) the state proceedings involve an

important state interest; and (3) the state proceeding will afford the plaintiff an adequate opportunity to raise his constitutional claims*.*" *Kelm v. Hyatt*, 44 F.3d 415, 419 (6th Cir. 1995) (citing *Nilsson v. Ruppert, Bronson & Chicarelli Co.*, 888 F.2d 452, 454 (6th Cir. 1989)); see also *Ohio Civil Rights Commission v. Dayton Christian Schools, Inc.*, 477 U.S. 619, 106 S.Ct. 2718 (1986) (applying the abstention defined in Younger, a criminal case, to civil proceedings and cases); *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 102 S.Ct. 2515 (1982) (same).

Here, as noted by Defendant, the state domestic relations proceedings were pending at the time this case was filed (and are currently pending), which satisfies the first criteria for *Younger* abstention. *Kelm v. Hyatt,* 44 F.3d 415, 419 (6th Cir.1995). Further, the 6th circuit has held that such proceedings do involve paramount state interests and therefore qualify under the second *Younger* test. *Id.* at 420 (citing *Ankenbrandt v. Richards*, 504 U.S. 712 (1992)). Finally, in *Kelm,* the Sixth Circuit concluded that the Ohio courts do provide an adequate forum for such plaintiff's constitutional claims and that the third criterion for *Younger* abstention was also satisfied.

It is well-established that lower federal courts lack the subject matter jurisdiction to conduct appellate review of state court decisions. *Berry v. Schmitt*, 688 F.3d 290, 289 (6th Cir.2012) (citing *Exxon Mobil Corp.*, 544 U.S. at 291). As such, Plaintiff's request to add such defendants is futile and therefore his motion to amend (Doc. 16) should be denied.

### III.     Conclusion

For these reasons, is therefore **RECOMMENDED** that Defendant's motion to dismiss (Doc. 13) be **GRANTED**, Plaintiff's motion to amend (Doc. 16) be **DENIED**; all remaining pending motions (Docs. 2, 9, 18) be **DENIED as MOOT**; and this case be **CLOSED.**

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

BRANDON BOWIE,

    Plaintiff,

vs.

HAMILTON COUNTY JUVENILE COURT

    Defendants.

Case No. 1:18-cv-395

Barrett, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).