**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Brandon Bowie,

    Plaintiff,

v.

Hamilton County
Juvenile Court,

    Defendant.

Case No.: 1:18-cv-395

Judge Michael R. Barrett

## **OPINION & ORDER**

This matter is before the Court on the Magistrate Judge's January 9, 2019 Report and Recommendation ("R&R"). (Doc. 25). The parties were given proper notice pursuant to Federal Rule of Civil Procedure 72(b), including notice that the parties would waive further appeal if they failed to file objections to the R&R in a timely manner. *See United States v. Walters*, 638 F.2d 947, 949-950 (6th Cir. 1981). Plaintiff filed Objections (Doc. 26) and Supplemental Information (Doc. 27). Defendant responded to Plaintiff's Objections (Doc. 28) and Plaintiff filed a Reply (Doc. 29).

This Court shall consider objections to a magistrate judge's order on a nondispositive matter and "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the

recommended decision; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1).

In her January 9, 2019 R&R, the Magistrate Judge recommends that Defendant's Motion to Dismiss (Doc. 13) be granted, Plaintiff's Motion to Amend (Doc. 16) be denied; all remaining pending motions (Docs. 2, 9, 18) be denied as moot; and this case be closed.

I. **BACKGROUND**

Plaintiff's claims arise out of his child support case pending in Hamilton County Juvenile Court. Plaintiff lives in Columbus, Ohio. (Doc. 16-1). According to his proposed Second Amended Complaint, Plaintiff has a neurological condition which makes it difficult for him to travel from Columbus to Cincinnati. (Doc. 16-1, ¶ 14). A hearing was scheduled in his child support case for June 20, 2017. (Doc. 16-1, ¶¶ 18-19). Plaintiff requested to participate in the hearing by telephone or video conference. (Doc. 16-1, ¶ 18). Plaintiff's request was supported by letters from his doctor. (See Doc. 27). Plaintiff had previously been permitted to appear at a hearing by telephone. (Doc. 16-1, ¶ 18). However, on the day of the hearing, Magistrate Catherine Kelly denied Plaintiff's request to participate in the hearing by telephone with no prior notice. (Doc. 16-1, ¶ 19). Plaintiff's counsel, who was present at the hearing, requested a continuance, but Magistrate Kelly denied that request. (Doc. 16-1, ¶ 19). Magistrate Kelly's decision was later upheld by Judge Sylvia Hendon. (Doc. 16-1, ¶¶ 20-21). Plaintiff claims that allowing him to participate by phone was a reasonable accommodation of his disability. (Doc. 16-1, ¶ 25). Plaintiff further claims that the

failure to provide him with this accommodation resulted in him being denied access to the court. (Doc. 16-1, ¶ 25).

In his proposed Second Amended Complaint, Plaintiff seeks injunctive relief and compensatory damages under Title II of the Americans with Disabilities Act of 1990 ("ADA"), which provides: "[N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation or denied the benefits of the services, programs or activities of a public entity." 42 U.S.C. § 12132. Plaintiff also brings a claim under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, which prohibits entities receiving federal funds from discriminating against individuals with disabilities. Initially, Plaintiff named the Hamilton County Juvenile Court as the sole defendant. In his proposed Second Amended Complaint, Plaintiff seeks to add the following parties: Hamilton County, Ohio, Hamilton County Ohio Board of Commissioners, Hamilton County Judge Sylvia Hendon and Hamilton County Magistrate Catherine Kelly.

## II. ANALYSIS

### A. Motion to Dismiss

Dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) is "appropriate when a plaintiff fails to state a claim upon which relief can be granted." When evaluating a motion to dismiss under the rule, a district court assumes the factual allegations in the complaint are true and "'draw[s] all reasonable inferences in favor of the plaintiff.'" *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (quoting *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)).

Pleadings and documents filed by *pro se* litigants are to be "liberally construed," and a "*pro se* complaint, however inartfully pleaded, must be held to a less stringent standard than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, "the lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). The basic pleading essentials are not abrogated in *pro se* cases. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). A *pro se* complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Barnett v. Luttrell*, 484 Fed. Appx. 784, 786 (6th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 677, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009)) (internal quotations and emphasis omitted).

Plaintiff has clarified that he is not seeking relief in a pending child support case, but is instead seeking assistance in receiving ADA accommodations. The Court notes that the Supreme Court has explained that Title II of the ADA creates an "affirmative obligation to accommodate persons with disabilities in the administration of justice." *Tennessee v. Lane*, 541 U.S. 509, 533, 124 S. Ct. 1978, 1994, 158 L. Ed. 2d 820 (2004).

The Magistrate Judge explained that the Hamilton County Juvenile Court is not a legal entity capable of being sued. "Absent express statutory authority, a court can neither sue nor be sued in its own right." *Burton v. Hamilton Cty. Juvenile Court*, No. 1:04-CV-00368, 2006 WL 91600, at *5 (S.D. Ohio Jan. 11, 2006) (quoting *Malone v. Court of Common Pleas of Cuyahoga County*, 45 Ohio St.2d 245, 248, 344 N.E.2d 126

4

1976)); *see also Stewart v. Lucas Cty. Juvenile Court*, Case No. 3:08cv1603, 2009 WL 3242053, at *6 (N.D. Ohio Oct. 2, 2009) (holding that the Lucas County Juvenile Court cannot be sued in its own right).

However, one federal district court has recently concluded that Title II of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act provide the "express statutory authority" necessary to sue the domestic relations division of an Ohio court of common pleas. *Jaegly v. Lucas Cty. Bd. of Commissioners*, No. 16-CV-1982, 2017 WL 6042237, at *4 (N.D. Ohio Dec. 6, 2017). In addition, the Sixth Circuit has held that Title II of the ADA validly abrogated Eleventh Amendment sovereign immunity in cases where it is used to enforce Due Process rather than Equal Protection guarantees. *Popovich v. Cuyahoga County Court of Common Pleas, Domestic Relations Division*, 276 F.3d 808, 813-16, 817 (6th Cir.) (en banc), *cert. denied*, 537 U.S. 812 (2002) (remanding case against state court for retrial because "refusal of the state court to provide plaintiff with closed captioned translation of the proceeding, or other forms of hearing assistance, may constitute an unreasonable exclusion of plaintiff from participation in the proceeding under principles of due process of law."); *see also Mingus v. Butler*, 591 F.3d 474, 483 (6th Cir. 2010) (Eleventh Amendment immunity abrogated as long as ADA claim seeks only the level of review to which the plaintiff would otherwise be entitled (i.e., "rational basis" review in a disability case) because doing so would not "creat[e] a higher standard of liability" for the defendant). In addition, the Sixth Circuit has held that Ohio has waived Eleventh Amendment immunity against Rehabilitation Act claims. *Robinson v. Univ. of Akron Sch. of Law*, 307 F.3d 409, 411 (6th Cir. 2002) (citing *Nihiser v. Ohio Environmental Protection Agency*, 269 F.3d 626,

5

628-29 (6th Cir. 2001)). Therefore, to the extent that Defendant Hamilton County Juvenile Court seeks to dismiss the claims against it, Defendant Hamilton County Juvenile Court's Motion to Dismiss is DENIED.

### B. Motion to Amend

Federal Rule of Civil Procedure 15(a) provides that a "party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(A)-(B). In all other cases, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). However, "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave should be granted unless there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) (citing *Thiokol Corp. v. Dep't of Treasury, Revenue Div.*, 987 F.2d 376, 382-83 (6th Cir. 1993)).

The Magistrate Judge explained that Plaintiff could not amend his complaint to add Hamilton County, Ohio as a party because Hamilton County is a geographic location and as such is not *sui juris*.

Capacity to be sued in the federal district courts is governed by Federal Rule of Civil Procedure 17(b), which provides that the capacity of an entity such as a county or county agency to be sued is determined "by the law of the state where the court is located." However, as this Court has explained: "It is Eleventh Amendment immunity that determines whether Hamilton County can be sued under the federal laws." *Smith v. Grady*, 960 F. Supp. 2d 735, 743-44 (S.D. Ohio 2013). This Court has concluded that Hamilton County is not entitled to sovereign immunity under the Eleventh Amendment, and therefore it may be sued in this Court under the ADA regardless of its ability to sue or be sued under state law. *Id.* at 744; *see also Jaegly v. Lucas Cnty. Bd. of Commissioners*, No. 16-CV-1982, 2017 WL 4310634, at *3 (N.D. Ohio Sept. 28, 2017), *adhered to on reconsideration*, No. 16-CV-1982, 2017 WL 6042237 (N.D. Ohio Dec. 6, 2017) (finding Rule (17)(b)(3) does not bar suit against Lucas County in federal court under Title II of the ADA and the Rehabilitation Act); *Horen v. Lucas Cnty.*, *Ohio*, No. 3:11CV1110, 2011 WL 4842391, at *2 (N.D. Ohio Oct. 12, 2011) (allowing suit against the county under the ADA and Rehabilitation Act). Therefore, Plaintiff's amendment to the Complaint adding Hamilton County as a party is not futile. Plaintiff's Motion to Amend is GRANTED to the extent it seeks to bring claims under the ADA and the Rehabilitation Act against Hamilton County.

The Magistrate Judge also found that the Hamilton County Board of Commissioners is not a proper defendant in this matter. Ohio Revised Code § 305.12 states, in part: "The board of county commissioners may sue and be sued, and plead and be impleaded, in any court." However, as the Magistrate Judge explained, the county commissioners' authority over a county juvenile court is limited to supplying a

facility and setting the budget of a juvenile court pursuant to Ohio Revised Code §§ 2151.09 and 2151.10. Plaintiff does not allege that the Commissioners have authority to set policy regarding the manner in which hearings were held, including whether parties are permitted to appear by telephone or video conference. Instead, Plaintiff argues that the Commissioners should have an ADA and Rehabilitation Act compliance system in place, which would include training, a designated coordinator and a grievance procedure. However, to bring a claim under Title II of the ADA, "the plaintiff must show that the discrimination was *intentionally* directed toward him or her in particular." *Tucker v. Tennessee*, 539 F.3d 526, 532 (6th Cir. 2008) (emphasis in original). "Acts and omissions which have a disparate impact on disabled persons in general are not specific acts of intentional discrimination against the plaintiff in particular." *Dillery v. City of Sandusky*, 398 F.3d 562, 568 (6th Cir. 2005). Therefore, claims under Title II of the ADA cannot be based on theories of recovery such as failure to train or failure to supervise, since these failures are necessarily not directed at a particular disabled individual.

Finally, the Magistrate Judge found that Judge Hendon and Magistrate Kelly are entitled to absolute immunity from lawsuits involving money damages. The Magistrate Judge also found that to the extent Plaintiff is seeking declaratory and injunctive relief, those claims are barred by the doctrine outlined in *Younger v. Harris*, 401 U.S. 37 (1971). Plaintiff argues that Judge Hendon and Magistrate Kelly are not immune because they acted with "deliberate indifference" and Plaintiff seeks injunctive relief against Judge Hendon and Magistrate Kelly in their official capacity.

8

Judicial officers are entitled to absolute immunity from damage claims arising out of acts performed in the exercise of their official functions. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Plaintiff has alleged that Judge Hendon and Magistrate Kelly failed to provide him a reasonable accommodation by permitting him to testify by telephone of video conference. The Court notes that these acts on the part of Judge Hendon or Magistrate Kelly were performed in the exercise of their official functions, and therefore Judge Hendon and Magistrate Kelly are immune from Plaintiff's claim for damages.

In addition, "Title II of the ADA does not ... provide for suit against a public official acting in his individual capacity." *Everson v. Leis*, 556 F.3d 484, 501 n. 7 (6th Cir. 2009). However, the Sixth Circuit has held that the Eleventh Amendment does not bar an ADA Title II claim for prospective relief against state officials in their official capacities. *Carten v. Kent State Univ.*, 282 F.3d 391, 396–97 (6th Cir. 2002). Therefore, to the extent that Plaintiff seeks to add a claim for prospective injunctive relief under Title II of the ADA against Judge Hendon and Magistrate Kelly in their official capacity, those claims are not futile. Plaintiff's Motion to Amend is GRANTED to the extent it seeks to bring these claims.

### C. Remaining Motions

Plaintiff filed a Motion for Temporary Restraining Order (Doc. 2), which was later amended (Doc. 9). Plaintiff seeks the following injunctive relief:

> a temporary restraining order or a preliminary injunction or a permanent injunction (whichever the court deems) enjoining defendant, Hamilton County Juvenile Court, (Judge Sylvia Hendon, Magistrate Catherine Kelly and Attorney James Hartke) from engaging in or performing any of the following acts: such as threats of incarceration, forcing Mr. Bowie to sign US passport for his minor children for them to take a trip out of the country

> against his will, discontinue forcing Mr. Bowie to appear in person at hearings instead of reasonably accommodating him which is non-compliant with the American Disability Act. There needs to be ADA training, an ADA Coordinator (an appointed employee) and grievance policy in place on the court's website.

(Doc. 9, PAGEID# 296).

In deciding whether to issue injunctive relief, one of the factors this Court must consider whether there is the threat of irreparable harm to Plaintiff. *Cooper v. Honeywell, Int'l, Inc.* 884 F. 3d 612, 615 (6th Cir. 2018). The harm alleged must be "actual and imminent," not "speculative or unsubstantiated." *Abney v. Amgen, Inc.*, 443 F. 3d 540, 552 (6th Cir. 2006). Plaintiff has not alleged harm that is actual or imminent, such as harm which would result from a hearing scheduled in the immediate future. Therefore, the Court concludes that Plaintiff has not established that he would suffer irreparable harm absent an injunction. Accordingly, Plaintiff's Amended Motion for Temporary Restraining Order (Doc. 9) is DENIED.

Plaintiff also requests that this Court to appoint an attorney. (Doc. 18). Counsel may be appointed for indigent parties in civil cases, but such an appointment is at the discretion of the Court. *Lavado v. Keohane*, 992 F.2d 601, 604 (6th Cir. 1993). An attorney will be appointed for indigent parties in a civil suit only when justified by exceptional circumstances. *Id.* In evaluating a matter for "exceptional circumstances," a court should consider: (1) the probable merit of the claims, (2) the nature of the case, (3) the complexity of the legal and factual issues raised, and (4) the ability of the litigant to represent him or herself. *Lince v. Youngert*, 136 Fed.Appx. 779, 782 (6th Cir. 2005). The Court finds that such circumstances do not exist here. Plaintiff has brought two similar statutory claims based on a single incident. Plaintiff appears to have the ability

to represent himself. The Court notes that Plaintiff has filed timely pleadings which cite appropriate caselaw and make cogent legal arguments. Therefore, Plaintiff's Motion for Appointment of Counsel (Doc. 18) is DENIED.

## III. CONCLUSION

Based on the foregoing, the Magistrate Judge's January 9, 2019 R&R (Doc. 25) is **ADOPTED in PART**. Accordingly, it is hereby **ORDERED** that:

1. Defendant's Motion to Dismiss (Doc. 13) is DENIED,

2. Plaintiff's Motion to Amend (Doc. 16) is DENIED in PART and GRANTED in PART;

3. Motion for Temporary Restraining Order (Doc. 2) is DENIED as MOOT;

4. Plaintiff's Amended Motion for Temporary Restraining Order (Doc. 9) is DENIED; and

5. Plaintiff's Motion for Appointment of Counsel (Doc. 18) is DENIED.

6. Plaintiff shall file his Second Amended Complaint in conformity with this Order within **fourteen (14) days** of entry of this Order.

**IT IS SO ORDERED.**

*/s/ Michael R. Barrett*
JUDGE MICHAEL R. BARRETT