**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| BRANDON BOWIE, | |
| Plaintiff, | Case No. 1:18-cv-395 |
| | McFarland, J. |
| v. | Bowman, M.J. |
| HAMILTON COUNTY JUVENILE COURT, et al. | |
| Defendants. | |

**REPORT AND RECOMMENDATION**

This civil action is before the Court on Defendants' Motion for Judgment on the Pleadings (Doc. 40) and the parties' responsive memoranda.

**I.  Background and facts**

This action arises from underlying child visitation cases within the Hamilton County Juvenile Court. Plaintiff Brandon Bowie has brought claims against Defendants Judge Sylvia Hendon and Magistrate Catherine Kelley, in their official capacities, as well as "Hamilton County Juvenile Court" and "Hamilton County, Ohio" for violation of Title II of the American Disabilities Act and Title 504 of the Rehabilitation Act. (Doc. 31 at ¶1).

Plaintiff lives in Columbus, Ohio and claims a neurological condition makes it difficult for him to travel from Columbus to Cincinnati. (Doc 31, Page ID #447-448). Magistrate Kelley had previously allowed Mr. Bowie to appear via telephone at certain hearings.  A hearing was scheduled for June 20, 2017 to hear several pending motions, including a motion for contempt filed by the mothers of Mr. Bowie's children as well as Mr. Bowie's own motions.  The day of the hearing, counsel for Mr. Bowie filed a motion for him to appear via telephone or video.  Magistrate Kelley denied Plaintiff's motion to

1

appear via telephone or video that was filed that morning as it would "interfere with the ability of the court to properly observe and assess the credibility of Mr. Bowie." (See Doc. 37-1, PAGEID# 510, June 20, 2017 Journal Entry). However, Plaintiff's motion to waive appearance was granted and he was represented by counsel at the hearing. (Id.) Plaintiff alleges that his pending motions were dismissed due to his inability to offer evidence since he was not participating in the hearing.[1] Judge Sylvia Hendon held a hearing on the objections on March 23, 2018. She then set the matter for sentencing on May 24, 2018 and ordered Plaintiff to appear. (Id. at PAGEID# 511, April 12, 2018 Journal Entry). After a continuance was granted on May 24, 2018, the hearing was re-set for June 20, 2018. (Id., May 24, 2018 Journal Entry).

On June 20, 2018 Plaintiff failed to appear at the hearing before Judge Hendon. He told the court that he had to go to the emergency room for a tooth ache. (Id., June 20, 2018 Journal Entry). The Judge then re-set the hearing for July 20, 2018 and allowed the Plaintiff to appear via telephone. (Id., July 20, 2018 Journal Entry). Plaintiff was found in contempt for violation of the visitation order. (Id.) The Judge allowed subsequent continuances of the trial on support issues for Plaintiff's medical reasons and also allowed him to waive appearance at a pre-trial if he satisfied payment of the contempt penalty. (Id., October 10, 2018 Journal Entry and December 17, 2018 Journal Entry). Plaintiff subsequently filed an appeal of the Judge's Decision. (Id. at PAGEID# 512, April 8, 2019 Entry).

---

[1] Although the Journal Entry does not support this allegation, it is evident from the transcript of the hearing before Judge Hendon on March 23, 2018 that Magistrate Kelley did not address the contempt motions and motion to modify parenting time that Plaintiff had pending. See Doc. 8-1, PAGEID#257-259.

Plaintiff brought this action against Judge Hendon, Magistrate Kelley, the Hamilton County Juvenile Court and Hamilton County, Ohio for violations of Title II of the Americans with Disabilities Act ("ADA"). Plaintiff had originally filed his complaint solely against the Hamilton County Juvenile Court. (Doc. 8). A motion to dismiss was filed as the Hamilton County Juvenile Court is not sui juris and thus not capable of being sued. (Doc. 13). The undersigned recommended that the motion be granted (Doc. 25); however, the district judge declined to adopt the Report and Recommendation relying on the Northern District of Ohio opinion in *Jaegly v. Lucas Cty. Bd. Of Commissioners*, No. 16-cv-1982, 2017 WL 6042237, at *4 (N.D. Ohio Dec. 6, 2017) and permitted Plaintiff to file a second amended complaint. The reasoning in *Jaegly,* adopted by this court, was that Title II of the ADA provides express statutory authority to sue the domestic relations division of an Ohio court of common pleas. (Doc. 30, PageID 432). Further, the Court held that Ohio has waived Eleventh Amendment immunity against Rehabilitation Claims. (Id.). The Court further held both Judge Hendon and Magistrate Kelley are immune from Plaintiff's claim for damages.

In his Second Amended Complaint, Plaintiff seeks a declaration that Defendants' alleged actions violated Title II of the ADA and Section 504 of the Rehabilitation Act, as well as injunctive relief (1) enjoining Defendants "from engaging in discriminatory practices against Bowie a qualified individual with a disability," and (2) ordering Defendants to comply with Title II of the ADA and Section 504 of the RA. In addition, Plaintiff also maintained his request for compensatory damages against Defendants in the amount of $125,000.00.

Defendants now move for dismissal of Plaintiff's Second Amended Complaint, with prejudice, for failure to state a claim. (Doc. 40 at 1). Defendants assert: (1) Plaintiff is not

3

entitled to declaratory relief or compensatory relief against Judge Hendon or Magistrate Kelley as a matter of law; (2) Plaintiff is not entitled to injunctive relief because Plaintiff's requested accommodation was unreasonable and Plaintiff did not state a claim for relief under Title II of the American Disabilities Act or Section 504 of the Rehabilitation Act; and (3) "Plaintiff's claims against punitive Defendants Hamilton County Juvenile Court and Hamilton County, Ohio fail for the additional reasons that they are not *sui juris*." (*Id*. at 4).

Plaintiff rejects Defendants' assertions and argues that judgment on the pleadings against Plaintiff's second amended complaint would be improper. Plaintiff asserts that his second amended complaint (Doc. 31) provides detailed allegations of Defendants' violation of Plaintiff's rights under the ADA and RA. (Doc. 44 at 2).

**II.    Analysis**

    A.  *Standard of Review*

The Federal Rules of Civil Procedure permit parties to move for judgment on the pleadings. Fed. R. Civ. Proc. R. 12(c). The standard of review for a 12(c) motion is the same *de novo* standard of review that courts apply in a 12(b)(6) motion for failure to state a claim. *Mixon v. Ohio*, 193 F.3d 389, 399-400 (6th Cir. 1999) (citing *Grindsatff v. Green*, 133 F.3d 416, 421, (6th Cir. 1998)). A court must "construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle relief." 133 F.3d 416, 421 (citing *Meador v. Cabinet for Human Resources*, 902 F.2d 474, 475 (6th Cir. 1976)). Nonetheless, courts are only required to accept "well pleaded facts as true, not the legal conclusions that may be alleged or that may be drawn from the pleaded facts." *Blackburn v. Fisk Univ.* 443, F.2d 121, 124 (citing

*L'Orange v. Medical Protective Co.*, 394 F.2d 57 (6th Cir.); *Sexton v. Barry*, 233 F.2d 220 (6th Cir.); *Ryan v. Scoggin*, 245 F.2d 54 (10th Cir.)).

Plaintiff attached evidence of his disability and two transcripts of court proceedings to his first amended complaint (Doc. 8-1) and then refiled the same evidence of disability as well as additional domestic court filings to his second amended complaint (Doc. 31-1). Plaintiff then filed a supplemental complaint, attaching additional court pleadings (Doc. 33). Defendants filed a pleading asking the court to strike the supplemental complaint to which they attached a certified copy of the relevant domestic court record. (See Doc. 37-1). The Court ultimately ordered that the supplemental complaint be stricken. (Doc. 38). As a preliminary matter, by attaching these documents to the pleadings and motions relative to the pleadings, the parties have implicitly asked the Court to take judicial notice of the attachments. In ruling on a Rule 12(b)(6) or 12(c) motion, a court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Brent v. Wayne County Dep't of Human Services*, 901 F.3d 656, 694 (6th Cir. 2018); *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001). "Although typically courts are limited to the pleadings when faced with a motion under Rule 12(b)(6), a court may take judicial notice of other court proceedings without converting the motion into one for summary judgment." *Buck v. Thomas M. Cooley Law Sch.*, 597 F.3d 812, 816 (6th Cir. 2010); see also *Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 576 (6th Cir. 2008) (stating that, on a motion to dismiss, a court "may take judicial notice of another court's opinion not for the truth of the facts recited therein, but for the existence of the opinion, which is

5

not subject to reasonable dispute over its authenticity"). Neither party has raised the issue of the Court taking judicial notice of the documents previously referenced nor objected to their consideration by the Court. Accordingly, based on the present record, the Court concludes that it can take judicial notice of the state court transcripts (Doc. 8-1) and court record (Doc.37-1) without converting Defendants' Motion to Dismiss into a motion for summary judgment. See *id.*; see also *Gonzales v. City of Fostoria*, No. 3:13-cv-796, 2014 U.S. Dist. LEXIS 2504, 2014 WL 99114, at *7 (N.D. Ohio Jan. 9, 2014) (taking judicial notice of municipal court's docket sheets that establish that the plaintiff pleaded no contest and was subsequently found guilty and that consideration of the state court decision and docket sheets did "not convert the motion to dismiss to a motion for summary judgment"); *Ghaster v. City of Rocky River,* 913 F. Supp. 2d 443, 454-55 (N.D. Ohio 2012) (finding that a court may take judicial notice of another court's docket where, inter alia, the plaintiff referred to or attached the public record to the complaint); *Slusher v. Reader*, No. 2:18-cv-570, 2019 U.S. Dist. LEXIS 51706 (S.D. Ohio Mar. 27, 2019)(same).

    B. *Defendants' Motion for Judgement on the Pleadings is well taken*

Defendants contend, *inter alia,* that a 12(c) dismissal of Plaintiff's Second Amended Complaint is proper because Plaintiff failed to state a claim for disability discrimination. (Doc. 40 at 1). The undersigned agrees.

Title II of the Americans with Disabilities Act of 1990 ("ADA") states that "[n]o qualified individual with a disability shall, by reason of such disability, be excluded from participation or denied the benefits of the services, programs or activities of a public entity." 42 U.S.C. § 12132. The Rehabilitation Act states that "[n]o otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his

6

disability, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a).

In order to prove a public program or service violates Title II of the ADA, a plaintiff must show: 1) that he is a qualified individual with a disability; 2) that he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and 3) that such exclusion, denial of benefits, or discrimination was by reason of his disability. See 42 U.S.C. § 12132; *see also Barrilleaux v. Mendocino County*, 61 F.Supp. 3d 906, 915 (N.D. Cal. 2014), *citing Weinreich v. Los Angeles Cnty. Metro. Transp. Auth.*, 114 F.3d 976, 978 (9th Cir. 1997). The same standard applies to a plaintiff who seeks to establish a claim under section 504 of the Rehabilitation Act, in addition to showing the program receives federal funding. *See Center v. City of W. Carrollton*, 227 F. Supp. 2d 863, 867 (S.D. Ohio 2002) and *Davis v. Flexman*, 109 F. Supp. 2d 776, 785 (S.D. Ohio 1999). "Title II requires only 'reasonable modifications that would not fundamentally alter the nature of the service provided,' not 'to employ any and all means to make judicial services accessible to persons with disabilities.'" *Bedford v. Michigan*, 722 F. App'x 515, 519 (6th Cir. 2018) *quoting Tennessee v. Lane*, 541 U.S. at 531-32.

Here, Defendants argue that the court's refusal to allow Plaintiff to attend the June 20, 2017 hearing via telephone was not because of his disability. (Doc. 48 at 5). In this regard, Defendants contend that the court's denial of Plaintiff's request did not demonstrate: "(1) that he was either excluded from participation in or denied the benefits of the Juvenile Court's services, programs, or activities or was otherwise discriminated

7

against" or that any "exclusion, denial of benefits, or discrimination was by reason of his disability." (*Id.*). Defendants explain that the court denied Plaintiff's request not because of his disability, but because Plaintiff's "remote appearance would 'interfere with the ability of the court to properly observe and assess the credibility of Mr. Bowie." (Doc. 48 at 7 citing Doc. 37-1 at 6). Therefore, Defendants conclude that the decision to deny Plaintiff's request to attend the hearing remotely did not violate Title II of the ADA or §504 of the RA. (Doc. 48 at 5). Furthermore, Plaintiff's counsel did not even request that Plaintiff attend remotely until the day of the hearing. (See Doc. 8-1, transcript, p7-9).

Defendants further note that Plaintiff then filed a motion to waive his appearance at that hearing and that the court granted this motion because of his disability, thus making an accommodation. (Doc. 48 at 4 and Doc. 40 at 9). Plaintiff also had representation at the June 2017 hearing as his attorney was present. (Doc. 40 at 2). Additionally, Defendants note that Plaintiff was allowed to attend other hearings via telephone, including the July 2018 hearing. (*Id.* at 3). Such instances of accommodations further suggest that Defendant's denial of Plaintiff's request to attend the June 2017 hearing remotely was not because of Plaintiff's disability.

In his Opposition to Defendants' 12(c) Motion for Judgment on the Pleadings (Doc. 44), Plaintiff seems to conclude that Defendant's refusal to allow remote attendance at the June 2017 hearing violated the ADA and RA. He cites the Title II factors that a plaintiff must show to prove an ADA violation, but he does not explain how Defendant's conduct satisfies these factors. (*Id.* at 8). Plaintiff does not rebut the Defendants' argument that refusal to allow for remote participation in the June 2017 hearing was not because of Plaintiff's disability, but because of the necessity that Plaintiff be present at that specific

8

hearing to evaluate his credibility. Plaintiff does not dispute that Defendants made various accommodations to Plaintiff in the past, and that he had an attorney present at the June 2017 hearing. (*Id.* 4). Plaintiff also does not dispute that Defendant Kelley waived his appearance at the June 2017 hearing. He takes the position, however, that because the waiver resulted in Plaintiff's filings being dismissed and Plaintiff not getting to testify at the hearing, he was excluded from the hearing. (*Id.* at 9-10).

As noted by Defendants, Title II requires "reasonable modifications that would not fundamentally alter the nature of the services provided." (Doc. 40 at 10 quoting *Tennessee v. Lane*, 541 U.S. 59, 124 S.Ct. 1978, 158 L.Ed.2d 820 (2004)). Here, the Hamilton County Juvenile Court provided reasonable accommodations to Plaintiff by granting his motion to waive appearance at the June 2017 hearing, and allowing Plaintiff to appear via telephone in prior and subsequent matters. Defendants, however, determined that Plaintiff's actual appearance at the June 2017 hearing was necessary. His actual appearance was necessary because they did not believe that a remote appearance would allow for the Juvenile Court to properly perform its functions. The hearing in question was a contempt hearing and Magistrate Kelley determined she needed Plaintiff's physical presence and allowing an appearance via video or telephone would "interfere with the ability of the court to properly observe and assess the credibility of Mr. Bowie." (See Doc. 37-1, PAGEID# 510,June 20, 2017 Journal Entry). As noted by Defendants, a contempt proceeding also involves the necessity of the court's being able to judge a party's demeanor and character, both of which prove difficult or in some cases impossible if the party is not present.

9

Because Plaintiff cannot meet all the elements of an ADA claim/RA claim, Plaintiff's claims must fail as a matter of law. In light of the foregoing, Defendants' motion is well-taken in and they are entitled to judgment as a matter of law.[2]

### III. Conclusion

For the reasons stated, it is herein **RECOMMENDED** that Defendants' Motion for Judgment on the Pleadings (Doc. 40) be **GRANTED**; and this matter be **CLOSED.**

                                         *s/ Stephanie K. Bowman*
                                         Stephanie K. Bowman
                                         United States Magistrate Judge

---

[2] Additionally, Judge Barrett's prior order permitted Plaintiff to bring a claim against Hamilton County, Ohio and the Hamilton County Juvenile Court over the recommendation of the undersigned to the contrary. Defendants have again raised the issue that Hamilton County and the Juvenile Court are not proper defendants as they are not entities capable of being sued. To the extent the District Judge would revisit this issue, the Defendants have properly set forth their argument (see Doc. 40, p12-14) and the undersigned agrees. In order to sue a court a plaintiff must sue a person as a representative of the court, not sue the court. In order to sue a county a plaintiff must sue a person or entity, like the Board of County Commissions, not the geographic location. The entities themself remain incapable of being sued. Thus, the undersigned again recommends that all claims against Hamilton County and the Hamilton County Juvenile Court be dismissed for this reason as well as for the reasons set forth above.

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

BRANDON BOWIE,

    Plaintiff,

        v.

HAMILTON COUNTY
JUVENILE COURT, et al.

    Defendants.

Case No. 1:18-cv-395

McFarland, J.
Bowman, M.J.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

11